**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**TERRY E. WILLIAMS,**

                **Plaintiff,**

      **v.**                                          **CASE NO. 21-3272-SAC**

**JEFFREY EASTER, et al.,**

                **Defendants.**

**NOTICE AND ORDER TO SHOW CAUSE**

This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff, a pretrial detainee, proceeds pro se. His fee status is pending.

**Nature of the Complaint**

Plaintiff alleges that on or about June 16, 2019, he was injured when the prisoner transport van in which he was a passenger hit a building. Plaintiff was in restraints but was not wearing a seatbelt, and the impact dislodged him from his seat. He states that he felt a popping in his lower back followed by pain. Plaintiff names as defendants Sheriff Jeffrey Easter and the unnamed deputy who was driving the van. He claims the defendant deputy acted with gross negligence and violated his right to procedural due process and the Eighth Amendment, and he claims Sheriff Easter failed to adequately supervise his subordinate. He seeks damages.

**Screening**

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the

complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

In screening, a court liberally construes pleadings filed by a party proceeding pro se and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

"To state a claim for relief under Section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988)(citations omitted).

To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Id*. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the matter should be dismissed. *Id*. at 558. A court need not accept "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Tenth Circuit has observed that the U.S. Supreme Court's decisions in *Twombly* and *Erickson* set out a new standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii). *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted). Following those decisions, courts "look to the specific allegations in the

complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (quotation marks and internal citations omitted). A plaintiff "must nudge his claims across the line from conceivable to plausible." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). In this context, "plausible" refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)(citing *Twombly*, 550 U.S. at 1974).

## Discussion

The statute of limitations governing an action brought under § 1983 is determined from the analogous state statute of limitations and tolling principles. *See Hardin v. Straub*, 490 U.S. 536, 539 (1989). "The forum state's statute of limitations for personal injury actions governs civil rights claims under both 42 U.S.C. § 1981 and § 1983…. In Kansas, that is the two-year statute of limitations in Kan. Stat. Ann. § 60-513(a)." *Brown v. Unified Sch. Dist. 501, Topeka, Pub. Sch.*, 465 F.3d 1184, 1188 (10th Cir. 2006)(citations omitted).

While state law governs the length of the limitations period and tolling issues, "the accrual date of a § 1983 cause of action is a question of federal law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Under federal law, a claim accrues "when the plaintiff has a complete and present cause of action." *Id.* (internal quotation marks and citation omitted). In other words, "[a] § 1983 action accrues when facts that would support a cause of action are or should be apparent." *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006)(internal quotation marks and citation omitted), *cert denied*, 549 U.S. 1059

(2006). A district court may dismiss a complaint filed by an indigent plaintiff if it is patently clear from the allegations that the action is barred by the statute of limitations. *Id*. at 1258-59; *see also Jones v. Bock*, 549 U.S. 199, 214 (2007).

Here, plaintiff's claims are subject to dismissal as barred by the two-year limitation period. The complaint shows that the event underlying his claim occurred in June 2019[1], and plaintiff filed the complaint on November 30, 2021, more than two years later. *See Fratus v. Deland*, 49 F.3d 673, 674-75 (10th Cir. 1995)(a district court may consider an affirmative defense *sua sponte* where the defense is obvious from the complaint and no additional factual record is required to be developed). Plaintiff has not alleged facts that suggest he is entitled to statutory or equitable tolling. The court therefore will direct him to show good cause why this matter should not be dismissed as barred by the governing limitation period.

IT IS, THEREFORE, BY THE COURT ORDERED that on or before **December 21, 2021**, plaintiff shall show cause why this matter should not be dismissed for the reasons discussed herein. The failure to file a timely response may result in the dismissal of this matter without additional prior notice.

**IT IS SO ORDERED.**

DATED:  This 2d day of December, 2021, at Topeka, Kansas.


S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

---

[1] Elsewhere in the complaint, plaintiff describes the event as occurring "in the early Spring Morning of 2019" (Doc. 1, p. 4). The court has considered the complaint in light of the more specific date offered.