IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**TERRY E. WILLIAMS,**

                  **Plaintiff,**

    **v.**                                                   **CASE NO. 21-3272-SAC**

**JEFFREY EASTER, et al.,**

                  **Defendants.**

### NOTICE AND ORDER TO SHOW CAUSE

This matter is a civil rights action filed under 42 U.S.C. § 1983 by a prisoner held at the Sedgwick County Jail. Plaintiff proceeds pro se, and the court grants leave to proceed in forma pauperis.

This order is the second order to show cause entered in this matter. Previously, the court directed the plaintiff to show cause why this action should not be dismissed as filed outside the two-year limitation period. However, upon consideration of Kansas Supreme Court Administrative Order 2020-PR-016, as amended by Kansas Supreme Court Administrative Order 2020-PR-32, which suspended all state statutes of limitations from March 19, 2020, until April 15, 2021, with certain exceptions, the court will not summarily dismiss the action as time-barred.

The court has conducted a second review of the merits of the complaint and enters the present order to show cause[1].

### Nature of the Complaint

Plaintiff alleges that on or about June 16, 2019, he was injured when the prisoner transport van in which he was a passenger hit a

---

[1] The screening standards set out in the court's order entered on December 2, 2021, are applicable to the present order.

building. Plaintiff was in restraints but was not wearing a seatbelt, and the impact dislodged him from his seat. He states that he felt a popping in his lower back followed by pain. Plaintiff names as defendants Sheriff Jeffrey Easter and the unnamed deputy who was driving the van. He claims the defendant deputy acted with gross negligence and violated hi right to procedural due process and the Eighth Amendment, and he claims Sheriff Easter failed to adequately supervise his subordinate. He seeks damages.

### Discussion

Plaintiff's claims sound in negligence. Claims under § 1983 may not be based on mere negligence. *See Daniels v. Williams*, 474 U.S. 327, 330 (1986) (holding that inmate who slipped on a pillow negligently left on a stairway by sheriff's deputy failed to allege a constitutional violation) *and Medina v. City and County of Denver*, 960 F.2d 1493, 1500 (10th Cir. 1992) ("negligence and gross negligence do not give rise to section 1983 liability"). *See also, e.g., Scott v. Becher*, 736 F. App'x 130, 134 (6th Cir. 2018) (noting that "failure-to-seatbelt cases 'involved mere negligence'" and did not rise to an Eighth Amendment violation) (citing *Thompson v. Commonwealth of Virginia*, 878 F.3d 89, 105-06 (4th Cir. 2017) and *Stokes v. Lanigan*, Civil Action No. 11-407 (JBS), 2011 WL 5117860, at *3 (D.N.J. 2011) (dismissing plaintiff's Eighth Amendment claim because allegations that the corrections officers failed to provide seat belts and drove carelessly were insufficient to state a claim).

Accordingly, to the extent plaintiff alleges claims of negligence, he presents state law questions that are properly left to the state courts to decide.

### Order to Show Cause

For the reason set forth, the court will direct plaintiff to show cause why this matter should not be dismissed without prejudice to plaintiff's presentation of his negligence claim in the appropriate state court. The failure to file a timely response may result in the dismissal of this matter without additional notice.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff is granted to and including **January 28, 2022,** to show cause why this matter should not be dismissed without prejudice and for failure to state a claim for relief.

**IT IS SO ORDERED.**

DATED:  This 28th day of December, 2021, at Topeka, Kansas.

S/ Sam A. Crow§

SAM A. CROW
U.S. Senior District Judge